# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

|  |  |
|---|---|
| **Alan Grochowski Sr.,** **individually and on behalf of** **others similarly situated,**<br><br>      Plaintiff,<br><br>          v.<br><br>**National Tax Advisory** **Services, LLC,**<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**Case No.: 2:23-cv-14200-AMC**

<u>**CLASS ACTION**</u>

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1) **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B);**

2) **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C); AND**

3) **THE FLORIDA TELEPHONE SOLICITATION ACT, FLA. STAT. § 501.059**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff Alan Grochowski Sr. ("Plaintiff"), brings this action against Defendant National Tax Advisory Services, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and Florida Statute § 501.059.

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. §

501.059.

3. Defendant National Tax Advisory Services, LLC, provides services in IRS tax debt relief and tax preparation solutions. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in this jurisdiction.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff resides in this jurisdiction, which is where Plaintiff received the calls at issue from the Defendant.

11. Venue is proper in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River, Florida a pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and

belief, Defendant has made the same phone calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

12.     Plaintiff is a natural person residing in the City of Sebastian, State of Florida.

13.     Defendant is a company based in Encino, California, conducting business in the tax market.

## THE TCPA

14. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or a prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

15. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v.*

*Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

18. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that

gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

19. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

20. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

21. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

22. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

23. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

24. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

### FLA. STAT. § 501.059

25. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves . . . the playing of a recorded message when a connection is completed to a number without the prior express written consent of the called party." Fla. Stat § 501.059(8)(A).

26. The statute defines "telephonic sales call" as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods services, or obtaining information that will or may be used for the direct solicitation of a sale

of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(I).

27. A person will be defined as a "called party" if they are a "person who is the regular user of the telephone number that receives a telephonic sales call," under Fla. Stat. § 501.059(1)(A).

28. An "unsolicited telephonic sales call" is one that is made other than in direct response to the express request of the person who is called. under Fla. Stat. § 501.059(4)(K).

### GENERAL ALLEGATIONS

29. At all times relevant, Plaintiff was an individual residing within the State of Florida.

30. At all times relevant, Defendants conducted business in the State of Florida.

31. Plaintiff has been on the National Do Not Call Registry since approximately July 1, 2003.

32. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

33. On or around August 10, 2022, Plaintiff received a pre-recorded voice call from caller ID 628-433-9878. Upon information and belief, this

number belongs to Defendant and/or Defendant's agent. Plaintiff answered and a pre-recorded voice stated if Plaintiff owed more than ten thousand to the IRS to press a number. From there Plaintiff talked to an agent of Defendant, David Hudson, who gave him the website ntastax.com.

34. On the same day, Plaintiff received a live call from caller ID 818-935-5479 which connects back to Defendant. Upon information and belief, this number belongs to Defendant and/or Defendant's agent.

35. On or around August 11, 2022, Plaintiff texted the number Defendant had called him on and stated that he is not interested and to "not call." Even if Defendant had established a business relationship with Plaintiff, Plaintiff clearly revoked any relationship with this text message. An agent of Defendant responded stating that it has "no idea why [he] wouldn't be interested." The text further went on to state "You need help even if it's not from me. 87,000 new IRS agents coming your way ………."

36. On or around August 16, 2022, Plaintiff received two calls from caller ID 818-391-1147. Upon information and belief, this number belongs to

Defendant and/or Defendant's agent. Plaintiff rejected the first call, but on the second call a voicemail was left by Defendant's agent, Lisa Maria.

37. On or around August 17, 2022, Plaintiff received two calls from caller ID 818-479-7967, as well as a text message. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff rejected the first call, but the second call a voicemail was left by Defendant's agent, Eric Grant. The text stated that Defendant's agent knew Plaintiff was "dealing with a tax issue with the IRS," and to "please give [him] a call so [they] can figure out how [they] can help [him] get this resolved."

38. On or around September 19, 2022, Plaintiff received a text message from caller ID 818-237-4693. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. The text was from Defendant's agent, Danny Lyle. The text once again inquired about Plaintiff needing help with his taxes.

39. Defendant's phone calls constitute telephone solicitation because it encouraged the future purchase or investment in property, goods, or services under 47 U.S.C. § 227(a)(4), i.e., attempting to sell Plaintiff services regarding tax debt.

40. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.  Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

41. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.  This is in violation of 47 U.S.C. § 227(a)(5).

42. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

43. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

44. Defendant's unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that he spent numerous hours investigating the unwanted phone calls including how they obtained his number and who the Defendant was.

45. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and

voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

## PROPOSED CLASS

46. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

47. Plaintiff brings this case on behalf of three Classes defined as follows:

The Federal TCPA DNC Class

All persons within the United States who received two phone calls within a 12 month period from Defendants to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendants first call, within the four years prior to the filing of this Complaint.

The Federal TCPA Prerecorded Voice Class

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

The FTSA Class

All persons within the State of Florida who received any solicitation/telemarketing phone calls from Defendants to said person's cellular telephone and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

48. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

49. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

50. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant call records.

**COMMON QUESTIONS OF LAW AND FACT**

51. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

   b) Whether the Class members were on the do not call list at least 30 days before being called by Defendant;

   c) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   d) Whether Defendant conduct was knowing and willful;

   e) Whether Defendant are liable for damages, and the amount of such damages; and

   f) Whether Defendant should be enjoined from such conduct in the future.

52. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is

15

accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

53. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

54. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

55. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The

likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

56. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

## NEGLIGENT AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

57. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

58. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

59. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

60. Specifically, Defendant violated 47 U.S.C. § 227(b)(1)(A) by calling Plaintiff and the class members' cellular telephone numbers using a prerecorded voice without Plaintiff and the class members' prior express consent.

61. Defendant violated 47 U.S.C. § 227(b)(1)(A) when it called Plaintiff with a prerecorded voice on August 10, 2022 from caller ID 628-433-9878.

62. Defendant is liable for all of its negligent violations in the amount of $500 per call.

63. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its calls with pre-recorded voice messages, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

64. As a result of Defendants violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and

every willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

#### (ON BEHALF OF PLAINTIFF AND THE CLASS)

65. Plaintiff re-alleges and incorporates paragraphs 1-56 as alleged herein.

66. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

   a. an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

   b. an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

   c. both such actions.

67. Defendant – or third parties directed by Defendant dialed numbers without to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

68. These calls were made without regard to whether or not Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

69. Specifically, Defendant called Plaintiff approximately six time and sent three text meassage to Plaintiff after Plaintiff was on the national do-not-call registry.

70. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

71. Defendant knew that it did not have prior express consent to make these calls especially since Plaintiff told Defendant he was not interested in what Defendant was offering. The violations were therefore willful or knowing.

72. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

## COUNT III

### VIOLATIONS OF FLA. STAT. § 501.059

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

73. Plaintiff re-alleges and incorporates paragraphs 1-56 as alleged herein.

74. Defendant – or third parties directed by Defendant – made or knowingly allowed a telephonic sales call involving the playing of a recorded message of the called party to the cellular telephones of Plaintiff and the other members of the Class without the prior express written consent in violation of Fla. Stat § 501.059(8)(A).

75. Under Fla. Stat § 501.059(1)(G), prior consent includes the signature of the called party, the telephone of the called party, as well as clear authorization to the person making or allowing the telephonic sales call to make the call. Defendant did not have prior express consent to call

the cell phones of Plaintiff and the other members of the putative Class when these telephonic sales calls were made. *Id.*

76. Specifically, Defendant violated Fla. Stat § 501.059(8)(a) by calling Plaintiff and the class members' cellular telephone numbers using a prerecorded voice without Plaintiff and the class members' prior express consent.

77. Defendant violated Fla. Stat § 501.059(8)(a) when it called Plaintiff with a prerecorded voice on August 10, 2022 from caller ID 628-433-9878.

78. Defendant has, therefore, violated Fla. Stat § 501.059(8)(a) and Fla. Stat § 501.059(1)(g) by using a pre-recorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

79. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using a pre-recorded voice message. The violations were therefore willful or knowing.

80. As a result of Defendant's conduct and pursuant to Fla. Stat § 501.059(10)(b), Plaintiff and the other members of the putative Class

were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a. An order naming Plaintiff as the class representative and Plaintiff's counsel as class counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Florida Statute § 501.059;

c. An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

d. An award of actual and statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

76. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 17, 2023                                        Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni (1034549)
**Kazerouni Law Grouo, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com